IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD E. DORSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-cv-501-MHT |
| | ) |
| COVINGTON COUNTY, ALABAMA, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. #1) and Amended Complaint (Doc. #7), alleging constitutional violations and seeking damages pursuant to 42 U.S.C. § 1983.

Because Plaintiff is proceeding *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e).  The statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

Upon review of Plaintiff's complaint and amended complaint, the applicable law, and for the reasons that follow, the undersigned RECOMMENDS that this case be DISMISSED.

**I.     BACKGROUND**

Plaintiff's claims appear to stem from a 2009 arrest. According to the pleadings before the court, Plaintiff was arrested on January 3, 2009 during a traffic stop in which Plaintiff was issued two tickets for driving with a revoked driver's license and an expired tag on his vehicle. Plaintiff was then placed under arrest due to charges pending against him in River Falls, Alabama.

Plaintiff alleges that following his arrest for the traffic tickets, on January 3, 2009, he was "booked into the county jail on charges of five worthless checks which was entered into a plea agreement in 2005. Plaintiff had already served by incarceration." Pl.'s Am. Compl. (Doc. #7) at 3. Plaintiff indicates that he was eventually charged with writing fifteen worthless checks, but alleges that the statute of limitations had expired on these charges.

Plaintiff's evidentiary submission indicates that he filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals requesting that it order "District Court Judge Frank L. McGuire to 'stay five of [Plaintiff's] charges from 2005.'" *See* March 4, 2010 Order, CR-09-0481 (Ala. Crim. App. 2010), Pl.'s Ex. 1 (Doc. 7-1) at 9. The Court of Criminal Appeals transferred the case "to the Presiding judge of the Covington County Circuit Court for that court to exercise its supervisory jurisdiction over the district court." *Id.* On a March 15, 2010 order, Circuit Judge Ashley McKathan issued a summons to the District Judge of Covington County and set the petition for a hearing on April 7, 2010. *See* Pl.'s Ex. 1 (Doc. 7-1) at 10-11.

Plaintiff was released from custody on June 14, 2010.  On that same day, after having heard the petition for writ of mandamus, the Circuit Court of Covington County denied the petition as moot due to Plaintiff's release from custody.  *See* June 14, 2010 Order, Civil Action No. CV-2010-033, Pl.'s Ex. 1 (Doc. 7-1) at 14.

Plaintiff appealed the circuit court's denial of his mandamus petition with the Alabama Court of Criminal Appeals.  On June 23, 2010, the Alabama Court of Criminal Appeals dismissed Plaintiff's appeal as moot because of his release from custody.  *See* June 23, 2010 Order, Case No. CR-09-0505, (Ala. Crim. App. 2010), Pl.'s Ex. 1 (Doc. 7-1) at 15.

## II.  DISCUSSION

Plaintiff's Amended Complaint alleges three constitutional claims under 42 U.S.C. § 1983 and names as defendants Covington County, Alabama, Covington County District Judge Frank L. McGuire, III, District Attorney for Covington County Greg Gamble, Greg White, and Sheriff Dennis Meeks.  Plaintiff alleges in conclusory fashion that Defendants violated his constitutional rights while he was incarcerated at the Covington County Jail from January 3, 2009 to June 14, 2010.  Plaintiff "contest[s] his lengthy incarceration" and alleges that he suffered the following constitutional violations:  Fifth Amendment violation because he was "charged twice for [the] same offense"; Eighth Amendment violation because he was incarcerated for a "non-jailable offense for 18 months"; and Fourteenth Amendment violation because "the punishment did not fit the crime."  Pl.'s Compl. (Doc. #1) at 2-3.  Plaintiff alleges that he "has served twenty-seven months for a crime not committed" and

seeks $355,000 in damages "for each constitutional violation" and "for false imprisonment." Pl.'s Amend. Compl. (Doc. #7) at 7.

### A. The *Heck v. Humphrey* Bar

The viability of Plaintiff's case turns on the application of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* involved a 42 U.S.C. § 1983 action in which a prisoner challenged his conviction and sought to recover monetary damages. The Supreme Court affirmed dismissal of the action and held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. The purpose of the "favorable termination" requirement under *Heck* is to "limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Thus, when a state prisoner seeks damages under Section 1983, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487.

The *Heck* decision involved a *pro se* prisoner bringing a Section 1983 action. Post-*Heck*, it seemed that the Supreme Court left unresolved the issue of whether the *Heck* bar—the favorable termination requirement—applied only to Section 1983 actions brought by prisoners who were also able to bring a habeas corpus petition. Thus, a circuit split has developed regarding the application of the *Heck* bar to situations where the plaintiff can no longer bring a habeas petition and asserts a Section 1983 complaint attacking his sentence or conviction.

In an unpublished opinion, *Vickers v. Donahue*, 137 F. App'x 285, 289 (11th Cir. 2005), where the plaintiff alleged "Fourth, Eighth, and Fourteenth Amendment violations for malicious and false arrest," the Eleventh Circuit held that "the *Heck* bar applies to [a plaintiff's] claim despite the unavailability of habeas relief." *Vickers*, 137 F. App'x at 289. The court noted that "Vickers was not without a remedy to seek post-revocation relief" and his claim "would imply the invalidity of the order of revocation and nine-month sentence he received." *Id.* Similarly, in *Christy v. Sheriff of Palm Beach Cnty., Fla.*, the Eleventh Circuit found that the district court "was correct to dismiss [Christy's] claims under *Heck* because if Christy prevailed on these two claims, it would necessarily imply the invalidity of his 1985 conviction." 288 F. App'x 658, 666 (11th Cir. 2008). Citing *Vickers*, the court went on to indicate, "with respect to [plaintiff's] assertion that his lawsuit must be allowed to proceed because habeas relief is unavailable, we have expressly declined to consider that issue in an opinion where the § 1983 action is otherwise barred under *Heck* [because it would necessarily undermine his underlying conviction]." *Id.* (internal citation omitted).

Given this guidance from Eleventh Circuit, in determining whether the *Heck* bar applies to cases where no habeas relief is available, a court will consider whether ruling in favor of Plaintiff would necessarily invalidate the underlying conviction and whether Plaintiff had any other avenue of relief available.

### B.  Applying *Heck*

The *Heck* favorable-termination requirement applies in this case and, thus, Plaintiff's claims are barred. First, Plaintiff's claims directly imply the invalidity of Plaintiff's convictions. *See Vickers*, 137 F. App'x at 289-90; *Christy*, 288 F. App'x at 665-66; *see also Baker v. City of Hollywood*, 2008 WL 2474665, at *5 (S.D. Fla. June 17, 2008) ("Insofar as Plaintiff seeks to recover based on violation of his due process rights at his criminal trial, those claims are *Heck*-barred. Such recovery would necessarily impugn his conviction pursuant to that trial."). By alleging that he was charged with the same offense twice and that he was "incarcerated by a non-jailable offense," Plaintiff's Section 1983 action, in essence, alleges that he has been wrongfully convicted and he seeks damages as relief. His claims necessarily imply the invalidity of the punishment imposed upon him, "directly undercut[ting] a signed court order" if the court were to rule in his favor without first obtaining a favorable termination. Thus, his claims are not cognizable under Section 1983. *See Vickers*, 137 F. App'x at 290.

Second, while Plaintiff in this case is no longer incarcerated,[1] and therefore cannot

---

[1] The Supreme Court's holding in *Heck* encompasses Section 1983 suits by former prisoners. Justice Scalia, writing for the majority, noted that "the principle barring collateral attacks--a longstanding and deeply rooted feature of both the common law and our own jurisprudence--is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at

seek habeas relief, the *Heck* bar still applies to Plaintiff's claims. Plaintiff had an adequate remedy at law because he could have pursued claims regarding the constitutionality of the criminal charge(s) and any orders issued in the criminal case through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Indeed, Plaintiff in this case did seek post-conviction relief at the state court level.[2] Other district courts in the Eleventh Circuit have found that where "plaintiff did seek post-conviction relief at the state level," the court "need not inquire as to whether Plaintiff has been deprived of a means of challenging his conviction and weigh whether there should be an exception to the *Heck* bar." *Baker v. City of Hollywood*, 2008 WL 2474665, at *7 (S.D. Fla. June 17, 2008); *see also Deters v. Alcott*, 2009 WL 3674674, at *3 (M.D. Fla. Nov. 3, 2009) (same).

The *Heck* decision "den[ies] the existence of a cause of action" because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. Because Plaintiff has not shown that his conviction has been invalidated, he cannot meet the *Heck* favorable-termination requirement, and his claims are due to be dismissed.

---

490 n.10.

[2] In his pleadings, Plaintiff asserts that he "was to be released on Dec. 23, 2009 after an appeal was filed by writ of habeas corpus and denied by the district and circuit court. Which was granted by courts of criminal appeal and remanded back by the writ of mandamus which came to be heard on Dec. 21, 2009. Plaintiff was denied relief." Pl.'s Am. Compl. (Doc. #7) at 4.

Plaintiff provides a copy of the June 14, 2010 Order from the Covington County Circuit Court denying as moot his petition for a writ of mandamus due to his June 14, 2010 release from custody, *see* June 14, 2010 Order, Civil Action No. CV-2010-033, Pl.'s Ex. 1 (Doc. 7-1) at 14; a copy of what appears to be his appellate brief, filed *pro se,* with the Alabama Court of Criminal Appeals, *see* Pl.'s Ex. 2 (Doc. 7-2); and the June 23, 2010 Order from the Alabama Court of Criminal Appeals dismissing his case as moot because of his June 14, 2010 release, *see* June 23, 2010 Order, Case No. CR-09-0505, (Ala. Crim. App. 2010), Pl.'s Ex. 1 (Doc. 7-1) at 15. *See also supra* Part I.

seek habeas relief, the *Heck* bar still applies to Plaintiff's claims. Plaintiff had an adequate remedy at law because he could have pursued claims regarding the constitutionality of the criminal charge(s) and any orders issued in the criminal case through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Indeed, Plaintiff in this case did seek post-conviction relief at the state court level.[2] Other district courts in the Eleventh Circuit have found that where "plaintiff did seek post-conviction relief at the state level," the court "need not inquire as to whether Plaintiff has been deprived of a means of challenging his conviction and weigh whether there should be an exception to the *Heck* bar." *Baker v. City of Hollywood*, 2008 WL 2474665, at *7 (S.D. Fla. June 17, 2008); *see also Deters v. Alcott*, 2009 WL 3674674, at *3 (M.D. Fla. Nov. 3, 2009) (same).

The *Heck* decision "den[ies] the existence of a cause of action" because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. Because Plaintiff has not shown that his conviction has been invalidated, he cannot meet the *Heck* favorable-termination requirement, and his claims are due to be dismissed.

---

490 n.10.

[2] In his pleadings, Plaintiff asserts that he "was to be released on Dec. 23, 2009 after an appeal was filed by writ of habeas corpus and denied by the district and circuit court. Which was granted by courts of criminal appeal and remanded back by the writ of mandamus which came to be heard on Dec. 21, 2009. Plaintiff was denied relief." Pl.'s Am. Compl. (Doc. #7) at 4.

Plaintiff provides a copy of the June 14, 2010 Order from the Covington County Circuit Court denying as moot his petition for a writ of mandamus due to his June 14, 2010 release from custody, *see* June 14, 2010 Order, Civil Action No. CV-2010-033, Pl.'s Ex. 1 (Doc. 7-1) at 14; a copy of what appears to be his appellate brief, filed *pro se,* with the Alabama Court of Criminal Appeals, *see* Pl.'s Ex. 2 (Doc. 7-2); and the June 23, 2010 Order from the Alabama Court of Criminal Appeals dismissing his case as moot because of his June 14, 2010 release, *see* June 23, 2010 Order, Case No. CR-09-0505, (Ala. Crim. App. 2010), Pl.'s Ex. 1 (Doc. 7-1) at 15. *See also supra* Part I.

In light of the foregoing, the court concludes that Plaintiff's claims, which seek to challenge the legality of matters associated with his conviction and/or incarceration, are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned that Plaintiff's Section 1983 claims be DISMISSED pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **December 15, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of December, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE